**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 26 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-32542 |
| | ) | |
| Marion Patrick LeGare, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3093 |
| | ) | |
| Antonia Smith, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Marion Patrick LeGare, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING APPLICATION FOR WAIVER OF THE
## ADVERSARY PROCEEDING FILING FEE

This proceeding is before the court on Plaintiff's unopposed application for waiver of the $293.00 adversary proceeding filing fee ("Application"). [Doc. # 11]. For the reasons that follow, Plaintiff's Application will be denied.

Defendant is the debtor in the underlying Chapter 7 case. Defendant's bankruptcy schedules list Plaintiff as a creditor holding an unsecured nonpriority claim in the amount of $3,000.00 that is not

disputed. [*See* Case No. 13-32542, Doc. # 1, p. 25/43].[1]  Plaintiff commenced this adversary proceeding without prepayment of the filing fee, seeking a determination that the debt owed by Defendant is nondischargeable.  The issue presented by Plaintiff's Application is whether the court may waive the filing fee in an adversary proceeding commenced by a creditor and permit the creditor to proceed *in forma pauperis* ("IFP").

Section 1930 of Title 28 specifies various bankruptcy fees.  Filing fees for commencing bankruptcy cases are set forth in § 1930(a).  Pursuant to § 1930(b), the Judicial Conference of the United States has been vested with authority to prescribe additional fees.  Pursuant to that authority, the Judicial Conference has established the Bankruptcy Court Miscellaneous Fee Schedule, which requires the payment of a $293 fee for filing an adversary complaint, with certain exceptions not applicable here.  *See* 28 U.S.C. § 1930, Bankruptcy Court Miscellaneous Fee Schedule attached as a note thereto, ¶ (6).

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added subsection (f) to § 1930, which addresses fee waivers.  Section 1930(f)(1) defines IFP status and permits waiver of the filing fee in a Chapter 7 case for such debtors.  Section 1930(f)(2) permits the court to waive for such debtors the other fees prescribed under subsection (b).  Finally, § 1930(f)(3) provides that "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors."  This provision indicates that the authority specifically granted in § 1930(f)(1) and (2) to waive fees for certain Chapter 7 debtors does not implicitly negate a court's ability to waive fees for "other debtors and creditors." *See Allen v. Western Sierra Bank (In re Allen)*, Adv. No. 08-07014, 2009 WL 1187957, *3, 2009 Bankr. LEXIS 2122, *9 (Bankr. D. Idaho April 28, 2009).  However, under § 1930(f)(3), any such waiver must be "in accordance with Judicial Conference policy." *Id.; In re Dabney*, No. 12-00027, 2012 WL 2236632, *1, n.1, 2012 Bankr. LEXIS 2847, *2, n..1 (Bankr. D.D.C. June 15, 2012); Bankruptcy Fee Compendium III, Part K, § 3 at p. 78 (May 1, 2013 Edition) (stating that "§ 1930(f)(3) seems to provide that district and bankruptcy courts may waive fees for other debtors and creditors, but it qualifies this authority by providing that the waiver is to be in accordance with Judicial Conference policy").

Judicial Conference policy on fees is set forth in the Fee Compendium. *In re Collum*, No.. 11-35771, 2012 WL 2921491, *6,  *See* Guide to Judiciary Policy, Vol. 4, Ch. 6, § 620.30.30 (referring to the

---

[1]  The court takes judicial notice of the contents of its case docket and the Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

Bankruptcy Fee Compendium and its supporting documents for further guidance on fees in bankruptcy courts). The Fee Compendium specifically states that "[t]he Judicial Conference has not yet issued a policy concerning waiving fees for other debtors and creditors." Bankruptcy Fee Compendium III, Part G, § 3, n.262 at p.. 63 and Part K, § 3 at p. 78 (May 1, 2013 Edition). Based upon the statute and statements regarding the lack of any Judicial Conference policy, the court concludes that it lacks authority to waive the filing fee for a creditor commencing an adversary proceeding.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Application for Waiver of Filing Fee [Doc. # 11] be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** Plaintiff must pay the $293.00 adversary complaint filing fee on or before **October 31, 2013. THIS ADVERSARY PROCEEDING WILL BE DISMISSED WITHOUT FURTHER NOTICE OR OPPORTUNITY FOR HEARING UNLESS THE FILING FEE IS PAID IN FULL IN ACCORDANCE WITH THIS ORDER.**

###