**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 21 2014

Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 13-32542 |
| Marion Patrick LeGare, | Chapter 7 |
| Debtor. | Adv. Pro. No. 13-3093 |
| Antonia Smith, | Hon. Mary Ann Whipple |
| Plaintiff, | |
| v. | |
| Marion Patrick LeGare, | |
| Defendant. | |

## MEMORANDUM OF DECISION

This adversary proceeding is before the court for decision after trial on Plaintiff's *pro se* complaint to determine the dischargeability of a judgment debt owed to her by Defendant. Defendant is the debtor in the underlying Chapter 7 case pending in this court.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United

States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of debts are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I).

This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, weighed the credibility of the witnesses, considered all of the evidence, and reviewed the entire record of the case. Based upon that review, and for the reasons discussed below, the court finds that Plaintiff is entitled to judgment in her favor.

## **FINDINGS OF FACT**

Defendant was formerly Plaintiff's boyfriend. On the morning of June 17, 2011, Defendant was at Plaintiff's home. Plaintiff testified that she told Defendant that morning that she no longer wanted to be in a relationship with him and that Defendant then became very angry and struck her several times in the face and body and tore hair from her head. Defendant tetified that he "may have" hit Plaintiff but that he did so in self-defense when Plaintiff attacked him. However, Defendant did not deny that Plaintiff told him their relationship was over. While Defendant thus had a motive for the violent behavior, he provided no detail as to why Plaintiff would have attacked him. The court does not find Defendant's testimony credible and credits Plaintiff's testimony instead.

Plaintiff testified that she ran from her home to a nearby bus stop and heard glass being shattered in her house as she did so. The bus driver let Plaintiff use her cell phone to call the police and apparently an ambulance. Plaintiff testified that she waited on the bus until the bus driver had to continue her route. She then waited across the street until an ambulance came and took her to the hospital. At the hospital, Plaintiff was treated for a black eye and contusions. [*See* Pl. Exs. 3 & 4]. Plaintiff testified that she also had scratches on her neck, her face was swollen, and hair was pulled out of her head. [*See* Pl. Ex. 6].

Three or four hours later, Plaintiff returned home on a bus. She went into her kitchen and heard Defendant call her name from her bedroom. Plaintiff again ran out of her house and to the bus stop. Plaintiff testified that the bus that she had ridden home had a fifteen minute layover and that the bus driver called the police for her. As she waited on the bus for the police, she saw Defendant walk out of her house and down the street. Defendant was gone when the police arrived, and a police report was filed. [Pl. Ex. 7, p. 1]. Although Defendant testified that he does not recall doing so, the court credits Plaintiff's testimony that after she fled her home, he broke several of her televisions.

On January 17, 2012, Plaintiff commenced case number CVI-12-00693 in the Toledo Municipal Court, Lucas County, Ohio, by filing a small claims complaint alleging personal injuries and property damage as a result of Defendant's conduct on June 17, 2011. [*See* Pl. Ex. 15, unnumbered p. 7]. On February 14, 2012, after hearing testimony by Plaintiff, a Magistrate entered a recommendation that judgment be entered in favor of Plaintiff in the amount of $3,000.00 plus statutory interest and court costs. [*Id.* at unnumbered p. 9]. Defendant filed objections on February 14 and 29, 2012. [*Id.* at unnumbered pp. 4-5]. However, on March 26, 2012, Defendant's objections were denied and the Magistrates decision was affirmed. [*Id.* at unnumbered p. 5]. Between April 6, 2012, and July 14, 2012, Defendant paid to Plaintiff a total of $570.00 toward the judgment amount. [*See* Pl. Ex. 16].

## LAW AND ANALYSIS

Plaintiff seeks a determination that a debt that is owed to her by Defendant pursuant to the judgment obtained in Toledo Municipal Court is nondischargeable. Section 523(a) of the Bankruptcy Code sets forth specific circumstances when a Chapter 7 discharge does not discharge particular debts. Although Plaintiff does not specify under which subsection of § 523(a) her claim is brought, the court construes her allegations as alleging that the debt owed is nondischargeable under § 523(a)(6). *See Haines v. Kerner*, 404 U.S. 519, 596 (1972) (holding *pro se* pleading to less stringent standard than formal pleadings drafted by lawyers). A creditor must prove exceptions to dischargeability for individual debts under 11 U.S.C. § 523(a) by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291 (1991).

Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). In order to be entitled to a judgment that the debt is excepted from discharge, Plaintiff must prove by a preponderance of the evidence that the injury from which the debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001). Addressing the "willful" requirement of § 523(a)(6), the Supreme Court agreed that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts" and held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

A willful injury thus occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act."

3

*Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz*, 190 F.3d at 464). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

In this case, Plaintiff has met her burden of showing that the debt owed by Defendant is for willful and malicious injuries incurred by her. Defendant deliberately punched Plaintiff several times in the face and body and broke several televisions in her home and did so in anger and without just cause or excuse. The court may infer intent to injure "where the [assailant's] conduct is both intentional and of such a nature and character that harm inheres in it." *Continental Ins. Co. v. Adams*, 438 F.3d 538, 540 (6th Cir. 2006); *see United Ohio Ins. Co. v. Vanosdol*, No. CA92-08-073, 1993 WL 185612, 3, 1993 Ohio App. LEXIS 2746, *9 (Ohio App. June 1, 1993) (evaluating whether an "intended" injury is inherent in punching another person in the face, and observing that "[i]t simply belies common sense for [the assailant] to suggest that he intended to hit [the victim] but did not intend any bodily injury").

## CONCLUSION

Having satisfied her burden under 11 U.S.C. § 523(a)(6), Plaintiff is entitled to judgment that the balance of the debt owed to her by Defendant pursuant to the judgment entered in case number CVI-12-00693 in Toledo Municipal Court, Lucas County, Ohio, is nondischargeable. The court will enter a separate judgment in accordance with this Memorandum of Decision.

###